Plaintiff's Exhibit

C

LandAmerica
Commonwealth

# COMMITMENT FOR TITLE INSURANCE

## SCHEDULE A

**Case Number: RI020932C**

1. Effective Date: **January 25, 2007 at 8:00 a.m.**

2. Policy or Policies to be issued:

   (a) ALTA Owner's Policy - (10-17-92) Amount: **$tbd.**

   PROPOSED INSURED:

   **To be determined.**

   (b) ALTA Loan Policy - (10-17-92) Amount: **$tbd.**

   PROPOSED INSURED:

   **To be determined.**

3. Title to the fee simple estate or interest in the land described or referred to in this commitment is at the effective date hereof vested in:

   **As to the fee, John Shekarchi, Esq., Retirement Plan by Collector's Deed from the Town of Cumberland dated the [blank] day of September, 2006 and recorded with the Land Evidence Records of the Town of Cumberland, Rhode Island on September 14, 2006 at 3:23 p.m. in Book 1349 at Page 788.**

   **As to right of redemption, Estate of Louis Giuliano a/k/a Louis Guiliano a/k/a Lou Giuliano, owner by Warranty Deed from Tara Lett dated November 2, 1998 and recorded November 2, 1998 at 3:50 p.m. in Book 772, Page 186.**

4. The land referred to in this Commitment is described as follows:

   **All that certain parcel of land with the buildings thereon situated at 82 Weeks Street (Assessor's Plat 53, Lot 1006) in the Town of Cumberland, County of Providence, and State of Rhode Island, as more particularly described in Exhibit A attached hereto and incorporated by reference herein.**

Countersigned at Smithfield, Rhode Island

Albert K. Antonio
Authorized Officer or Agent: Albert K. Antonio

This Commitment is invalid unless the Insuring Provisions and Schedules A and B are attached.

LandAmerica Commonwealth

## COMMITMENT FOR TITLE INSURANCE
### SCHEDULE B - SECTION 1
### Requirements

**Case Number: RI020932C**

The following are the requirements to be complied with:

Item (a) Payment to or for the account of the grantors or mortgagors of the full consideration for the estate or interest to be insured.

Item (b) Proper instrument(s) creating the estate or interest to be insured must be executed and duly filed for record to-wit:

1. Redemption Deed or Certificate of Redemption from Town of Cumberland or John Shekarchi, Esq. Retirement Plan vesting fee simple title in proposed insured owner.
2. Foreclosure Deed and appropriate Affidavits as required by R.I.G.L. Sections 34-11-22 and 34-27-4 from foreclosing person or entity vesting fee simple title / equity of redemption in proposed insured owner.
3. Mortgage Deed from proposed insured owner to proposed lender securing the insured loan.

Item (c) The following matters or documents must be resolved and/or produced to the satisfaction of the Company:

1. Pay all unpaid real estate taxes, sewer installation charges, sewer use charges, water use charges, water installation charges, fire service (water), fire district taxes and all other applicable municipal charges and assessments.
2. Pay the premiums, fees and charges due to the Company for the policy.
3. Compliance with Rhode Island General Laws § 44-30-71.3-Non Resident Withholding, and Regulations promulgated pursuant thereto. This applies to the sale of property in Rhode Island, and requires that a percentage of sellers' net proceeds be withheld and remitted to the Rhode Island Division of Taxation. A recitation of Rhode Island residency contained in a recorded deed discharges the § 44-30-71.3 lien. A recital as to the manner of compliance must be contained in any deed of conveyance.
4. Mortgage - $50,000.00 -- from Lou Giuliano to Douglas Lumber Corp. dated October 19, 2004 and recorded December 8, 2004 at 1:23 p.m. in Book 1242, Page 428. As affected by Affidavit recorded in Book 1353, Page 728. Foreclosure Deed in acceptable form and appropriate due diligence to be obtained and recorded.
5. Mortgage - $50,000.00 -- from Lou Giuliano to Tara Capuano dated October 19, 2004 and recorded December 8, 2004 at 1:24 p.m. in Book 1242, Page 430. Lien of Mortgage will be avoided by proper foreclosure of prior mortgage (#4).

6. As to Douglas Lumber Corp., a Rhode Island corporation, the following to be produced and filed with this Company:

   a. Certificate of Good Standing from Rhode Island Secretary of State.
   b. Letter of Good Standing from Rhode Island Division of Taxation. If proposed transaction will constitute the sale or transfer of the greater part in value of the Rhode Island assets of the corporation, compliance with R.I.G.L. 7-1.1-72 and 44-11-29 is required.
   c. Certified copy of vote or resolution authorizing the foreclosure and the execution and delivery of the Deed and other documents for this transaction.

7. Notice of Federal Tax Lien - $435,191.06 – IRS vs. Louis Giuliano recorded November 29, 2006 in Book 1361 at Page 553. The Lien of this Notice will be avoided by proper foreclosure of prior mortgage (#4). Evidence of such notice to be provided to the Company.

8. Copies of all notices to be provided to the Company.

9. Discharge of Estate Tax Lien for Estate of Louis Giuliano a/k/a Louis Guiliano a/k/a Lou Giuliano,

NOTE: The Company may make other requirements or exceptions upon its review of the proposed documents creating the estate or interest to be insured or otherwise ascertaining details of the transaction.

LandAmerica
Commonwealth

## COMMITMENT FOR TITLE INSURANCE
### SCHEDULE B - SECTION 2
### Exceptions

**Case Number: RI020932C**

The policy or policies to be issued will contain exceptions to the following unless the same are disposed of to the satisfaction of the Company:

1. Defects, liens, encumbrances, adverse claims or other matters, if any, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record an estate or interest or mortgage thereon covered by this Commitment.

2. Rights or claims of persons in possession.

3. Easements or claims of easements not shown by the public records, boundary-line disputes, overlaps, encroachments, title to filled lands (if any) and any matters not of record which would be disclosed by an accurate survey and inspection of the premises.

4. Any lien, or right to a lien, for services, labor or material, heretofore or hereafter furnished, imposed by law and not shown by the public records.

5. Real Estate Taxes, fire district taxes and municipal charges, including taxes and municipal charges that become due and payable subsequent to the date of said policy.

6. Water and sewer charges.

7. Grant of Easement to the Town of Cumberland recorded in Book 498, Page 270.

8. Consent Judgment, including rights of first refusal referred to therein, recorded in Book 729, Page 216, as affected by Letter recorded in Book 739, Page 427. As further affected by Release of Right of First Refusal, so called, for AP 53 Lots 1005 and 1006, Record Lots 241 and 242, recorded in Book 1309, Page 265.

9. Rhode Island Department of Environmental Management Insignificant Alteration – Permit, Application No. 04-0278, August 18, 2004 in Book 1222, Page 96.

10. Disclosure Notice re: Probate Proceedings recorded November 3, 2006 in Book 1358 at Page 193.

NOTE: If policy is to be issued in support of a mortgage loan, attention is directed to the fact that the Company can assume no liability under its policy, the closing instructions, or Insured Closing Service for compliance with the requirements of any consumer credit protection or truth in lending law in connection with said mortgage loan.

NOTE: This commitment omits any covenant, condition or restriction referred to above which is based on race, color, religion, sex, handicap, familial status or national origin, unless and only to the extent that the restriction is not in violation of state or federal law, or relates to a handicap, but does not discriminate against handicapped people.

# EXHIBIT A

That certain lot or parcel of land, together with all the buildings and improvements thereon, situated in the Town of Cumberland, County of Providence and State of Rhode Island, laid out and designated as Lot No. 242 (two hundred forty-two) on that certain plan entitled, "HOME-CREST CUMBERLAND HILL, R.I. OWNED BY THE CITY AND SUBURBAN LAND TRUST PROVIDENCE, R.I. C. LOUIS DUNKLEE ENG'R JULY 1919 Scale 1"=120'", which said Plan was recorded with the Land Evidence Records of the Town of Cumberland on August 6, 1919 at 2:30 p.m. on Plat Card 117.

-RI020932C-

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# OMNIBUS CALENDAR ASSIGNMENT FORM

## SUPERIOR COURT

☒ PROVIDENCE/BRISTOL ☐ KENT ☐ WASHINGTON ☐ NEWPORT

1. DOUGLAS LUMBER CORP.
VS. UNITED STATES OF AMERICA and TARA CAPUANO, ALIAS

2. CASE NO. PC 07-3148

3. REQUESTED CALENDAR ASSIGNMENT

TRIAL CALENDAR

☐ J Jury Trial ☐ N Non-Jury Trial

4. FORMAL AND SPECIAL CAUSE CALENDAR

☐ AGA Agency Appeal
☐ AOD Assessment of Damages
☐ CNA Confirm Arbitration
☐ CNP Contempt Proceedings
☐ DEJ Declaratory Judgment
☐ EOJ Entry of Judgment
☐ FFR First and Final Report
☐ FRR Foreclosure of Right of Redemption
☐ FRS Friendly Suit
☐ OPC Oral Proof of Claim
☐ MNJ Mandatory Injunction
☐ MEL Mechanic's Lien
☐ MAT Motion to Attach
☐ PRT Partition Proceedings
☐ PAT Petition to Appoint Temporary Receiver
☐ PEN Petition to Enforce
☐ PIN Petition for Instructions
☐ PRE Petition to Reclaim
☐ PES Petition to Sell
☐ PPI Preliminary Injunction
☐ POC Proof of Claim
☐ RCP Receivership Proceedings
☐ SUP Supplementary Proceedings
☐ TRO Temporary Restraining Order
☐ TIP Title Proceedings
☐ TSP Trustee Proceedings
☐ VAR Vacate Arbitration
☐ WOM Writ of Mandamus
☐ WOR Writ of Replevin

☒ OTH Other FSC Matter Interpleader action for purposes of foreclosure-excess proceeds

DISPOSITIVE MOTION CALENDAR (TUESDAYS, PROV. ONLY)

☐ MTD Motion to Dismiss, Under Rule 12
☐ MJP Motion for Entry of Judgment on Pleadings
☐ MPS Motion for Partial Summary Judgment
☐ MSJ Motion for Summary Judgment
☐ MTN Other Dispositive Motion

HEARING DATE 7-2-07 (FSC) MOTION CAL. CLERK Graziano DATE 6-20-07

5. SPECIAL MASTER CALENDAR

☐ CIC Criminal Injury Compensation HEARING DATE ____ CLERK ____

6. METHOD OF ASSIGNMENT

☐ Motion to Assign ☐ Stipulation to Assign ☐ Court Order Pursuant to Temporary Ex Parte Order

BASED ON METHOD OF ASSIGNMENT, STATE ANY RELEVANT INFORMATION BELOW

7. ATTORNEYS DATE

Signatures [signature] (Plaintiff's) (Defendant's)

Print Name Richard C. Tallo, Esq. #0504

8. DATE / TIME STAMP

FILED

JUN 20 A 8:52

SR-11 (Rev. 2/91) WHITE - COURT YELLOW - PLAINTIFF PINK - DEFENDANT GOLD - CALENDAR CLERK

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RECEIVED
JUN 28 2007
U.S. ATTORNEY
DISTRICT OF R.I.

DOUGLAS LUMBER CORP.

VS.

C. A. No. PC 07-3148

UNITED STATES OF AMERICA,
TARA CAPUANO, Alias and
ESTATE OF LOUIS GIULIANO

**PLAINTIFF'S MOTION TO BE DISCHARGED**

Plaintiff, Douglas Lumber Corp., moves this court for an order discharging it from any further liability in this matter or in connection with claims interpleaded in this action, and for an order awarding Plaintiff, Douglas Lumber Corp., its costs and reasonable attorney's fees incurred in connection with this action. Plaintiff, Douglas Lumber Corp., should be discharged from this action and awarded costs and fees due to the following:

1. As established by the pleadings in this action, Plaintiff, Douglas Lumber Corp., is a completely disinterested stakeholder in this matter. It has been the subject of multiple adverse claims concerning the sum of $147,587.00 representing the surplus proceeds from a foreclosure sale of real estate in which the defendants are junior stakeholders.

In accordance with the provisions of Rule 22 of the Superior Court Rules of Civil Procedure, Plaintiff, Douglas Lumber Corp., brought this interpleader action requiring and permitting all the adverse claimants to assert and resolve their claims in a single proceeding. Plaintiff, Douglas Lumber Corp., moved for leave of the court to deposit the entirety of the sum into the registry of the court. Plaintiff, Douglas Lumber Corp., has no further interest in the disposition of the sum deposited by the court including

which party, if any, recovers all or any portion of that sum, and has no other obligations of any kind to the parties asserting adverse claims to the sum on deposit. In connection with this discharge, Plaintiff, Douglas Lumber Corp., should be awarded its costs and reasonable attorney's fees for bringing the interpleader proceeding and permitting all the parties to resolve their adverse claims in a single proceeding. An accompanying fee affidavit sets forth the amount of the costs and fees incurred in connection with this action.

In light of the foregoing, Plaintiff, Douglas Lumber Corp., requests that its motion be granted.

Plaintiff,
By its Attorney,

Richard C. Tallo, Esquire #0504
P. O. Drawer 9007
Providence RI 02940
Tel.: (401) 726-1010
Fax: (401) 726-3406

# CERTIFICATION

I hereby certify that on this 27th day of June, 2007, I mailed a true copy of the within to the following:

Edward L. Maggiacomo, Esquire
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence RI 02903

Internal Revenue Service
Area Director
P O Box 9112
Stop 20800
JFK Federal Building
Boston MA 02203

U. S. Department of Justice
Office of U. S. Attorney
50 Kennedy Plaza, 8th Floor
Providence RI 02903

U. S. Department of Justice
Tax Division
Ben Franklin Station
Washington DC 20044

[signature]

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

DOUGLAS LUMBER CORP.

VS.

C. A. No. PC 07-3148

UNITED STATES OF AMERICA,
TARA CAPUANO, Alias and
ESTATE OF LOUIS GIULIANO

**PLAINTIFF'S MOTION TO PERMIT DEPOSIT INTO REGISTRY OF COURT**

In accordance with the provisions of Rule 67 of the Superior Court Rules of Civil Procedure, plaintiff hereby moves the court for an order permitting it to deposit the sum of $147,587.00 into the registry of the court. On June 20, 2007, plaintiff, Douglas Lumber Corp., initiated this action for interpleader as to the right to the sum of $147,587.00 by defendants, United States of America, Tara Capuano, Alias and Estate of Louis Giuliano. The funds were the surplus of a foreclosure sale of real estate in which the defendants had junior liens.

Plaintiff, Douglas Lumber Corp., makes no claim for any part of the funds sought to be deposited and has no interest in which other parties asserting adverse claims against these sums recovers all or any portion of the sums sought to be deposited. Because plaintiff, Douglas Lumber Corp., has no further interest in the sums in question and seeks to be discharged from this action, the deposit of the disputed sums is a precondition to that discharge.

In light of the foregoing, plaintiff requests that it motions be granted.

Plaintiff,
By its Attorney,

Richard C. Tallo, Esquire #0504
P. O. Drawer 9007
Providence RI 02940
Tel.: (401) 726-1010
Fax: (401) 726-3406

**CERTIFICATION**

I hereby certify that on this 27th day of June, 2007, I mailed a true copy of the within to the following:

Edward L. Maggiacomo, Esquire
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence RI 02903

Internal Revenue Service
Area Director
P O Box 9112
Stop 20800
JFK Federal Building
Boston MA 02203

U. S. Department of Justice
Office of U. S. Attorney
50 Kennedy Plaza, 8th Floor
Providence RI 02903

U. S. Department of Justice
Tax Division
Ben Franklin Station
Washington DC 20044

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

DOUGLAS LUMBER CORP.

VS.

C. A. No. PC 07-3148

UNITED STATES OF AMERICA,
TARA CAPUANO, Alias and
ESTATE OF LOUIS GIULIANO

## ATTORNEY'S FEE AFFIDAVIT

I, Richard C. Tallo, after having been duly sworn, hereby state as follows:

1. I am a practicing attorney in the State of Rhode Island and have been engaged in the general practice of law for a period of 34 years.

2. I have extensive experience in litigation and loan workouts, and am knowledgeable and familiar with the ordinary, customary and reasonable attorney's fees and costs incurred in connection with these matters.

3. That this suit has been brought to interplead approximately $147,587.00 in surplus funds resulting from a foreclosure sale by plaintiff in light of competing claims by defendants.

4. That it is my opinion that the total attorney's fees, costs and expenses incurred in the amount of $1,375.00 as of July 2, 2007 including a $1,125.00 fee for preparation for and attendance at the hearing of this motion, based upon hourly rates of $225.00 per hour, is a fair and reasonable amount relative to these proceedings.

5. That the criteria upon which the attorney's fees are based comport with the criteria set forth in Rule 1.5 of the Rules of Professional Conduct

set forth in Article V of the Rhode Island Supreme Court Rules. These criteria include the following:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2. The likelihood, if apparent to the client, that the acceptance of a particular employment will preclude other employment by the lawyer;

3. The fee customarily charged in the locality for similar legal services;

4. The amount involved and the results obtained;

5. The time limitation imposed by the client or by the circumstances;

6. The nature and length of the professional relationship with the client;

7. Experience, reputation and ability of the lawyer or lawyers performing the services;

8. Whether the fee is fixed or contingent.

Richard C. Tallo, Esquire

Subscribed and sworn to before me on this 27th day of June, 2007.

Notary Public
Commission Expires: 6/16/09

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

DOUGLAS LUMBER CORP.

VS.

C. A. No. PC 07-3148

UNITED STATES OF AMERICA,
TARA CAPUANO, Alias and
ESTATE OF LOUIS GIULIANO

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEPOSIT INTO REGISTRY OF COURT

Plaintiff's motion for leave to deposit money into the registry of the court came on for hearing before Mr. Justice ____________ on July 2, 2007. The court notes that all the requirements of Rule 67 of the Superior Court Rules of Civil Procedure have been satisfied, and that leave of court was sought by the motion, and every other party to the action has received notice of the motion. There is good cause to permit the deposit and none to prevent it. Accordingly, after hearing thereon and in consideration thereof, it is hereby

ORDERED:

That plaintiff's motion is granted, and the clerk shall accept for deposit the check tendered by plaintiff's counsel in the amount of $147,587.00 and deposit it in the registry of court. The funds so deposited are ordered subject to the ultimate disposition of the court in this matter.

ENTERED as an Order of this Court on this _______ day of July, 2007.

ENTER:

BY ORDER:

______________________________ J.

______________________________
Clerk

C. A. No. PC 07-3148

Submitted By:

Richard C. Tallo, Esquire #0504
Attorney for Plaintiff
P. O. Drawer 9007
Providence RI 02940
Tel.: (401) 726-1010
Fax: (401) 726-3406

## CERTIFICATION

I hereby certify that on this 27th day of June, 2007, I mailed a true copy of the within to the following:

Edward L. Maggiacomo, Esquire
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence RI 02903

Internal Revenue Service
Area Director
P O Box 9112
Stop 20800
JFK Federal Building
Boston MA 02203

U. S. Department of Justice
Office of U. S. Attorney
50 Kennedy Plaza, 8th Floor
Providence RI 02903

U. S. Department of Justice
Tax Division
Ben Franklin Station
Washington DC 20044