IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOUGLAS LUMBER CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Case No. 07-CV-282 |
| TARA CAPUANO, Alias, and | ) | |
| ESTATE OF LOUIS GIULIANA | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF REASONS IN SUPPORT OF
UNITED STATES' MOTION FOR CLARIFICATION,
OR IN THE ALTERNATIVE, MOTION TO RECONSIDER
ORDER GRANTING PLAINTIFF'S MOTION TO ALLOW ATTORNEY'S FEES

The United States, by and through its undersigned counsel, submits this memorandum of reasons in support of its Motion for Clarification, or in the Alternative, for Reconsideration of Order Granting Plaintiff's Motion To Allow Attorney's Fees.

**FACTS**

Plaintiff filed the instant interpleader action on or about June 21, 2007 in the Providence Superior Court. The United States was served with the complaint on June 26, 2007 and therefore its answer was due on August 27, 2007. On July 26, 2007, the United States removed this case to federal court. On July 27, 2007, the United States filed its answer.

However, on June 27, 2007, Plaintiff filed a motion to deposit the surplus funds from the foreclosure and a motion to be discharged from the case and to be awarded $1,375.00 in attorney fees and costs related to the interpleader action. On July 2, 2007 (prior to the removal and 1 ½ months before the United States' answer was due), the state court granted the plaintiff's motion to deposit the surplus funds, and to subtract from the amount deposited $1,375.00 in counsel

fees and costs. Exhibit A.

In its answer, the United States asserted federal tax liens on the property in question in the amounts of $406,738.65, plus interest from July 15, 2007. The notice of federal tax lien was filed with the Town Clerk of Cumberland on November 29, 2006. Defendants Tara Capuano and the Estate of Louis J. Giuliano, Sr. both filed answers asserting that all interpled funds should be distributed to each of them. To the extent that the Estate of Louis J. Giuliano, Sr. is otherwise entitled to the funds, such funds should be distributed to the United States because such funds are subject to the federal tax lien on all property and rights to property of Louis J. Giuliano, Sr. *See* 26 U.S.C. § 6321, 6322. The United States is currently not in a position to determine whether Tara Capuano has an interest in the interpled funds senior to that of the United States.

The United States does not contest the amount of the state court's award of attorney fees and costs to the plaintiff. The United States only seeks clarification that the fees and costs awarded to plaintiff will only be deducted from any funds awarded to Tara Capuano and that the award of fees and costs will not in any way reduce the distribution to the United States.

## ANALYSIS

Attorney fees are generally allowable to a disinterested stakeholder who files an interpleader action to determine competing claims to funds held. *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962), *cert. denied*, 373 U.S. 911 (1963). Thus, the plaintiff in this action, as a disinterested stakeholder is generally entitled to attorney fees and costs, as awarded by the state court's July 2, 2007 Order.

All general rules, however, have exceptions. A well accepted exception to this general rule, endorsed by no less than the U.S. Supreme Court, is that attorney fees are not allowable from any portion of funds that are subject to a federal tax lien. The reason is that when a federal tax lien attaches to a taxpayer's property prior to the commencement of an action, it has priority over any inchoate claim for attorney fees that arises out of that action, including any interpleader plaintiff's expenses. *See United States v. Ball Constr. Co.*, 355 U.S. 587 (1958) (rejecting priority for interpleader plaintiff's costs)*; United States v. Equitable Life*, 384 U.S. 323 (1966) (mortgagee's attorney fees)[1/]; *United States v. Liverpool,* 348 U.S. 215 (1955) (property subject to a valid and paramount federal tax lien cannot be invaded even for the allowance of the counsel fees to an innocent stakeholder garnishee); *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir. 1984) (holding that the provisions of the Internal Revenue Code which establish the lien, 26 U.S.C.A. §§ 6321 and 6322, prohibit an award of attorney's fees when the effect of such award would be to diminish the amount recovered by the United States under its prior federal tax lien); *Millers Mut. Ins. Ass'n of Illinois v. Wassall*, 738 F.2d 302, 303 (8th Cir. 1984); *Bank of America Nat'l Trust & Savings Ass'n v. Mamakos*, 509 F.2d 1217 (9th Cir. 1975); *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir.1974) (citing a string of authorities, holding that the "stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien"); *United States v. State Nat'l Bank of Conn*ecticut 421 F.2d 519 (2nd Cir.1970) (a disinterested bank-stakeholder is not entitled to attorney's fees from a fund when the total amount in the fund is insufficient to satisfy prior federal tax liens); *United States v. Wilson*, 333 F.2d 147 (3rd Cir. 1964).

[1/] *Equitable Life*'s result has since been modified by statute. *See* 26 U.S.C. § 6323(e).

As stated by the Tenth Circuit:

> The propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized, but here this judicial prerogative collides with the supremacy of the federal tax lien. Under the *Ball* and the *London & Liverpool* cases, and under the decisions of the lower federal courts announced since those decisions, the innocent stakeholder, even though he asserts no rights to the fund in dispute, may not recover his costs and attorney's fees when to do so would invade the paramount federal tax lien.

*United States v. Chapman*, 281 F.2d 862 (10th Cir. 1960).

In *Chevron U.S.A., Inc. v. May Oilfield Servs., Inc.*, the Tenth Circuit noted that "the Equal Access to Justice Act, 28 U.S.C. § 2412, does not provide an independent basis for an award [of attorneys fees]. While the Act provides that attorney's fees may be granted to a prevailing party, such an award can only be made where not expressly prohibited by statute. Here, sections 6321 and 6322 of the Code serve as such a bar." 739 F.2d 498, 499 (10th Cir. 1984); *see also Cable Atlanta, Inc.*, 749 F.2d at 627; *Millers Mutual Ins. Ass'n of Illinois*, 738 F.2d at 304.

Since the federal tax lien in the instant action attached prior to the commencement of the interpleader action, no attorney fees or costs can be awarded that would reduce the distribution to the United States.

However, where there is a lien superior to the federal tax lien, interpleader fees may be awarded out of any distribution to that superior lien holder. *See Chapman*, 281 F.2d at 871 (holding that "[t]he inviolability of a federal tax lien does not inure to the benefit of the [claimants with liens superior to the federal tax lien]"). Thus, if Tara Capuano has an interest in the interpled funds that is superior to that of the United States' lien, then the attorney fees and

costs awarded by the state court's July 2, 2007 Order may be paid from the funds that would otherwise be distributed to Tara Capuano.

In addressing the issue of requiring one group of claimants to pay the fees and costs of the interpleader plaintiff while the United States is not so burdened, the Tenth Circuit found that "[w]hile it may seem inequitable to charge one group of claimants to a deposited fund with the expense of the innocent stakeholder and not similarly charge another claimant . . . [this position] is supported by decisions which we are bound to obey." *Chapman*, 281 F.2d at 871.

The issue we present here, the priority of the federal tax lien, is governed by federal law. While we have found no reported Rhode Island Supreme Court opinions addressing this issue,[2/] the courts of the First Circuit sister states of New Hampshire and Massachusetts have done so. The New Hampshire Supreme Court held that plaintiff's counsel fees and costs cannot be charged against the portion of the fund which is subject to the federal tax lien and that which parties, apart from the United States, should bear the burden of such expense is discretionary with the trial court. *Manchester Fed. Sav. & Loan Ass'n. v. Emery-Waterhouse Co.*, 153 A.2d 918 (N.H. 1959). The Supreme Judicial Court of Massachusetts reached the same result in *Nason v. Taylor,* 351 Mass. 347, 221 N.E.2d 400 (1966), on the government's appeal from a decision of the probate court awarding attorney's fees and costs to an interpleading plaintiff. Citing the federal tax lien statutes, 26 U.S.C. §§ 6321, 6322, and 6323, and the *Liverpool* and *Ball* decisions, among others, that court reversed the decree of the probate court, holding that:

[2/] There is an unreported decision from the District Court of Rhode Island dealing with this issue. In *Wells Fargo Home Mortgage v. Ovalles*, 2003 WL 23931129 (D. RI. 2003), the court held (citing numerous cases), that "[i]t is well established that an award of attorney's fees and costs is prohibited where the effect of such an award would be to reduce the amount recovered by the United States under a prior federal lien."

"The judge had no power to allow (at least in an interpleader or similar proceeding . . . ) the deduction of an attorney's fee or costs, the claim for which arose subsequent to the date when the tax lien was perfected."

**CONCLUSION**

The law is abundantly clear that attorney fees and costs cannot be awarded when the result would reduce a distribution to the United States based on a federal tax lien. Accordingly, the United States seeks a clarification from the Court that the fees and costs awarded by the state court's July 2, 2007 Order will only be paid from any distribution that would otherwise be paid to Tara Capuano. If the Court finds that Tara Capuano's interest is junior to that of the United States, then the United States asks the Court to order the plaintiff to deposit the $1,375 it kept in attorney fees and costs with the Court for redistribution to the United States.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD MYRUS
Assistant United States Attorney

/s/ Wendy J. Kisch

Wendy J. Kisch
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6553

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2007, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF system, which will send notification of such filing(s) to the following:

William C. Dimitri

and I hereby further certify that on the same date, I caused the foregoing documents to be mailed, by the United States Postal Services to the following non-registered participants:

Richard C. Tallo, Esquire
P.O. Drawer 9007
Providence, Rhode Island 02940

Edward J. Maggiacomo, Esquire
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

s/ *Wendy J. Kisch*

WENDY J. KISCH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Telephone: (202) 307-6553
wendy.j.kisch@usdoj.gov