**Westlaw Download Summary Report for KISCH,WENDY 1656335**

| | |
|---|---|
| Date/Time of Request: | Friday, July 27, 2007 17:00:00 Central |
| Client Identifier: | LKK |
| Database: | RI-CS-ALL |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 85 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

C
Wells Fargo Home Mortgage v. Ovalles
D.R.I.,2003.

United States District Court,D. Rhode Island.
WELLS FARGO HOME MORTGAGE, Plaintiff,
v.
John S. OVALLES, Ruth M. Ovalles, Household Mortgage Services, United States of America, and State of Rhode Island Department of Administration-Division of Taxation, Defendants.
**No. CA 04-280S.**

Sept. 29, 2003.

Joseph G. Butler, Esq., Barron & Stadfeld, P.C., Boston, MA, for Plaintiff.
Michelle C. Davenport, Esq., Thomas J. Walsh, Esq., Harmon Law Offices, P.C., Newton Highlands, MA, Michael P. Iannotti, U.S. Attorney Office, Providence, RI, for Defendants.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO MAKE DEPOSIT IN COURT AND FOR AWARD OF ATTORNEY'S FEES

MARTIN, Magistrate J.

***1** This is an action for interpleader to determine whether Defendants have rights or priorities to surplus funds in the amount of $112,753.82 resulting from a foreclosure auction sale. *See* Motion for Leave to Make Deposit in Court and for Award of Attorney's Fees and Costs (the "Motion") at 1-2. Plaintiff Wells Fargo Home Mortgage ("Plaintiff") filed the instant Motion on August 18, 2004, seeking leave to deposit with the court the sum of $109,591.64. *See id.* at 1. Plaintiff also requests an award of attorney's fees and costs in this action in the amount of $3,162.18. *See id.* Plaintiff states that it has no interest in the surplus, except to pay it to the party rightfully entitled to it. *See id.* at 2.

Defendant United States of America (the "Government" or the "United States") has filed a response to the Motion and memorandum in support thereof. *See* United States' Response to Plaintiff's Motion for Leave to Make Deposit in Court and for Award of Attorney's Fees and Costs (the "Response"); Memorandum in Support of United States' Response to Plaintiff's Motion for Leave to Make Deposit in Court and for Award of Attorney's Fees and Costs ("Government's Mem."). The Government does not oppose the deposit of the surplus funds with the court, but asserts that Plaintiff's attorney's fees and costs cannot reduce the share of the surplus funds allocable to the United States. *See* Response at 1. The United States claims an interest in the amount of $187,140.81, plus interest, in the surplus funds by virtue of a federal tax lien. *See* Government's Mem. at 1. Plaintiff was given an opportunity to file a reply to the government's response, but declined to do so.

It is well established that an award of attorney's fees and costs is prohibited where the effect of such an award would be to reduce the amount recovered by the United States under a prior federal tax lien. *See Millers Mut. Ins. Ass'n of Ill. v. Wassall,* 738 F.2d 302, 303 (8th Cir.1984) (citing *United States v. B.F. Ball Constr. Co.,* 355 U.S. 587, 587-88, 78 S.Ct. 442, 443, 2 L.Ed.2d 510 (1958) (summarily reversing award of attorney's fees to interpleader where federal tax lien had previously attached to fund); *United States v. **Liverpool** & London & Globe Ins. Co.,* 348 U.S. 215, 217, 75 S.Ct. 247, 248, 99 L.Ed. 268 (1955) (holding authorization of payment of attorney's fees prior to government liens was error)); *accord Cable Atlanta, Inc. v. Project, Inc.,* 749 F.2d 626, 627 (11th Cir.1984) ("[T]he provisions of the Internal Revenue Code which establish the lien ... prohibit an award of attorney's fees when the effect of such award would diminish the amount recovered by the United States under its prior tax lien."); *Abex Corp. v. Ski's Enters., Inc.,* 748 F.2d 513, 516 (9th Cir.1984) ("Courts have clearly held ... that the existence of prior federal tax liens gives the government a statutory priority over the interpleader plaintiff's ability to diminish the fund by an award of fees."); *Campagna-Turano Bakery, Inc. v. United States,* 632 F.2d 39, 40 (7th Cir.1980) ("[T]he interpleading

debtor may not recover its costs and attorneys' fees at the expense of the tax liens."); *United States v. State Nat'l Bank of Conn.*, 421 F.2d 519, 521 (2nd Cir.1970) (holding that "a disinterested bank-stakeholder is not entitled to attorney's fees from a fund when the total amount in the fund is insufficient to satisfy prior federal tax liens"); *United States v.* ***Chapman***, 281 F.2d 862, 870 (10th Cir.1960) ("Under the Ball and the London & **Liverpool** cases, and under the decisions of the lower federal courts announced since those decisions, the innocent stakeholder, even though he asserts no rights to the fund in dispute, may not recover his costs and attorney's fees when to do so would invade the paramount federal tax lien."); *Hinkley & Donovan v. Paine*, 424 F.Supp. 1013, 1021 (D.N.H.1977) (quoting *United States v. State Nat'l Bank of Conn.*).

***2** Accordingly, the Motion is denied to the extent that it seeks attorney's fees and costs in the amount of $3,162.18. The Motion is granted to the extent that Plaintiff may deposit the surplus funds in the amount of $112,753.82 with the court.

So ordered.

D.R.I.,2003.
Wells Fargo Home Mortgage v. Ovalles
Not Reported in F.Supp.2d, 2003 WL 23931129 (D.R.I.), 94 A.F.T.R.2d 2004-6668, 2005-1 USTC P 50,132

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.